UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:12-CR-614 |
| § | |
| JUAN CARLOS ORTEGA-HERNANDEZ § | |

### ORDER DENYING PETITION FOR EARLY DISPOSITION OR "FAST TRACK" PROGRAM

Before the Court is Juan Carlos Ortega-Hernandez' petition for early disposition or fast track program. (D.E. 25). For the reasons stated herein, the motion is DENIED.

### BACKGROUND

Ortega-Hernandez was found in Brooks County, Texas by Border Patrol Agents in July 2012. He admitted he was a citizen of Mexico and that he had entered the United States illegally. Border Patrol Agents determined that he had previously been deported from the United States in October 2011, after serving a sentence for drug trafficking. (D.E. 1). Ortega-Hernandez was arrested for Illegal Reentry. (*Id*.).

Ortega-Hernandez made his initial appearance in federal court two days after his arrest and was appointed counsel. (D.E. 4, Minute Entry July 12, 2012). He was indicted in August 2012 and arraigned shortly thereafter. (D.E. 8, Minute Entry August 14, 2012). Ortega-Hernandez pled guilty, without a plea agreement, and entered his plea before a federal Magistrate Judge. (Minute Entry September 21, 2012; D.E. 15, 16). This Court accepted his guilty plea and ordered preparation of a Presentencing Investigation Report

(PSR).  (D.E. 17, 18).  Sentencing was held in December 2012.  (D.E. 23).  Ortega-Hernandez was sentenced to 30 months in the Bureau of Prisons.  (*Id*.).

## ANALYSIS

In his motion, Ortega-Hernandez requests that his sentence be modified pursuant to the early disposition or fast track program established by the Attorney General of the United States and made applicable to all districts pursuant to the Department of Justice memo dated January 31, 2012, to be effective March 1, 2012.  (D.E. 25).

At the time of Ortega-Hernandez' arrest, the fast track program was applicable. The Attorney General's memo did not remove prosecutorial discretion to deny fast track status to particular defendants, including those convicted of specified felonies such as drug trafficking.  Ortega-Hernandez was convicted of felony drug trafficking in 2009 in Nevada state court and sentenced to confinement.  As a result, by the very terms of the memo, Ortega-Hernandez was not eligible for the fast track program.

Furthermore, it is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, — U.S.----, 130 S. Ct. 2683, 2687 (2010).  A district court may resentence a defendant whose conviction has become final only pursuant to the circumstances set out in 18 U.S.C. § 3582.  These circumstances are:  (1) upon a motion for reduction by the Director of the Bureau of Prisons, after review of the relevant statutory factors, if there are "extraordinary and compelling factors" warranting such a reduction; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has

subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. *United States v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009); 18 U.S.C. § 3582(c).

Ortega-Hernandez does not fit within the exceptions provided by § 3582(c). This Court has no authority to resentence him.

## CONCLUSION

The Court DENIES Ortega-Hernandez' petition for modification of his sentence (D.E. 25) pursuant to the early disposition program.

ORDERED this 13th day of September, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE